**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SPEIDEL, INC.,** | § | CA 07 071 ML |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. ______________ |
| **NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND TRANSPORTATION INSURANCE COMPANY,** | § | |
| **Defendants.** | § | |

## COMPLAINT

The Plaintiff, Speidel, Inc., hereby files this declaratory judgment action against the Defendants, National Fire Insurance Company of Hartford ("National Fire Insurance") and Transportation Insurance Company ("Transportation Insurance").

## NATURE OF ACTION

1. This declaratory judgment action seeks to establish, as a matter of law, that the Defendants have a duty to defend and indemnify the Plaintiff against the potential liability associated with a lawsuit filed against the Plaintiff in the United States District Court for the Middle District of Florida.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. § 1332 because there is sufficient diversity between the Plaintiff and the Defendants and because the amount in controversy exceeds $75,000, exclusive of interests and costs.

3. Pursuant to 18 U.S.C.A. § 1391, the venue of this action is appropriate in this judicial district court.

## PARTIES

4. The Plaintiff is incorporated under Rhode Island law and has a principle place of business located at 25 Fairmount Ave., East Providence, RI 02914.

5. Upon information and belief, defendant National Fire Insurance Company of Hartford is incorporated under Delaware law and has a principal place of business located at Illinois

6. Upon information and belief, defendant Transportation Insurance Company is incorporated under Delaware law and has a principal place of business located at Illinois.

## FACTS COMMON TO ALL COUNTS

7. During the time period relevant to the allegations contained in this Complaint, the Plaintiff was in the business of selling watch bands for wrist watches.

8. As part of its business, the Plaintiff obtained an insurance policy from Defendant National Fire Insurance of Hartford to cover, among other things, personal and advertising injuries. This insurance coverage had a policy limit of $1,000,000 and a policy period between January 1, 2006 and January 1, 2007. (*See* Commercial General Liability Insurance Policy, attached as **Exhibit A**) (the "General Liability Policy").

9. The Plaintiff also obtained an umbrella insurance policy from Defendant Transportation Insurance Company that covered personal and advertising injuries. Similar to the General Liability Policy, this insurance coverage had a policy limit of $1,000,000 and a policy period between January 1, 2006 and January 1, 2007 (collectively, the "Insurance Policies").

10. On November 21, 2006, the Plaintiff was sued in the United States District Court for the Middle District of Florida, Tampa Division, by a Florida corporation called the World Triathlon Corporation (the "WTC Complaint"). (*World Triathlon Corporation v. Speidel, Inc.*, Civil Action No. 06-02175-EAK-MAP (M.D. Fla November 21, 2006) (attached as **Exhibit B**.)).

11. In the WTC Complaint, WTC asserts a number of allegations related to Plaintiff Speidel's advertising of its product, including, but not limited to, the following allegations:

a. In the course of its business during the 1990s, Speidel advertised the plaintiff's logo without the legal authority to do so. (WTC Complaint, ¶ 14).

b. In 2006, Speidel advertised a product that prominently displayed the plaintiff's copyrighted logo, attaching an example of this in Exhibit F of the complaint. (WTC Complaint, ¶ 19).

c. Speidel's unlawfully used of the plaintiff's logo "in connection with...advertising of good and services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services." (WTC Complaint, ¶¶ 24, 28, 36, 42, and 48).

12. To recover for the injuries alleged in the WTC Complaint, WTC has sought to enjoin Plaintiff Speidel from advertising its products with its logo and to require Plaintiff Speidel to recall from its customers all advertisements that contain the WTC's logo so that the advertisements can be destroyed.

13. In November of 2006, the Plaintiff made a demand on the Defendants to tender a defense to the allegations contained in the WTC Complaint.

14. On December 22, 2006, the Defendants issued a letter that denied the Plaintiff's request for tendering a defense, arguing that there was no basis within the

WTC Complaint to establish a right to coverage under the Insurance Policies. (Rejection Letter, dated December 22, 2006, attached as **Exhibit C**.)

15. In particular, the Defendants asserted that "[w]e do not **understand** the WTC Complaint as asserting [an advertising injury]". (Rejection Letter, p. 14) (emphasis added).

16. To date, the Plaintiff has shouldered the heavy burden of covering the costs and fees associated with the defense of the allegations contained in the WTC Complaint.

**COUNT ONE**

**(AGAINST DEFENDANT NATIONAL FIRE INSURANCE)**

17. The Plaintiff re-alleges each of the preceding paragraphs for the purposes of Count One.

18. Defendant National Fire Insurance owes the Plaintiff a duty to defend and indemnify against the potential liability arising from the WTC Complaint. In determining whether a duty to defend exists, Rhode Island applies a "pleadings test" that "requires the trial court to look at the allegations contained in the complaint and 'if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff.'" *Progressive Cas. Ins. Co. v. Narragansett Auto Sales*, 764 A.2d 722, 724 (R.I.2001) (*quoting Peerless Ins. Co. v. Viegas*, 667 A.2d 785, 787 (R.I.1995)) (citations omitted). Accordingly, Rhode Island law requires that an insurer provide a defense if the pleadings contain allegations that, if true, would establish coverage under the policy which is applicable to the allegations made in the Complaint. *Id.*

19. The General Liability Policy provides coverage for, *inter alia*, "personal and advertising injury." (*See* General Liability Policy, Coverage B, page 5 of 14, **Exhibit A**). According to the policy, "[Defendant] will have the right and duty to defend the [Plaintiff] against any 'suit' seeking those damages." (*Id.*)

20. Defendant Fire National Insurance has a duty to defend the Plaintiff against the allegations contained in the WTC Complaint because these allegations constitute an advertising injury. Applying the pleadings test, the following allegations are sufficient to demonstrate an advertising injury because these allegations demonstrate that Speidel's potential liability arose from actions connected with its advertising activity:

a. In the course of its business during the 1990s, Speidel advertised the plaintiff's logo without the legal authority to do so. (WTC Complaint, ¶ 14).

b. In 2006, Speidel advertised a product that prominently displayed the plaintiff's copyrighted logo, attaching an example of this in Exhibit F of the complaint. (WTC Complaint, ¶ 19).

c. Speidel's unlawfully used of the plaintiff's logo "in connection with…advertising of good and services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services." (WTC Complaint, ¶¶ 24, 28, 36, 42, and 48)

21. In addition to these allegations, the WTC has sought equitable relief that is directly related to the Plaintiff's advertising activities. (WTC Complaint, pp. 9-10, §§ (a)(1) and (b), **Exhibit B**).

22. There is no exclusion within the General Liability Policy that is sufficient to eradicate the Defendant's duty to defend.

23. Because the allegations and prayers for relief contained within the four corners of the WTC Complaint establish an advertising injury, Defendant National Fire Insurance owes the Plaintiff a duty to defend and indemnify.

**COUNT TWO**

**(AGAINST DEFENDANT TRANSPORTATION INSURANCE)**
**(Declaratory Judgment Action to Establish a Duty to Tender a Defense)**

24. The Plaintiff re-alleges each of the preceding paragraphs for the purposes of Count Two.

25. Defendant Transportation Insurance owes the Plaintiff a duty to defend against the potential liability arising from the WTC Complaint. In determining whether a duty to defend exists, Rhode Island applies a "pleadings test" that "requires the trial court to look at the allegations contained in the complaint and 'if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff.'" *Progressive Cas. Ins. Co. v. Narragansett Auto Sales*, 764 A.2d 722, 724 (R.I.2001) (*quoting Peerless Ins. Co. v. Viegas*, 667 A.2d 785, 787 (R.I.1995)) (citations omitted). Accordingly, Rhode Island law requires that an insurer provide a defense if the pleadings contain allegations that, if true, would establish coverage under the policy which is applicable to the allegations made in the Complaint. *Id.*

26. Defendant Transportation Insurance has a duty to defend the and indemnify Plaintiff against the allegations contained in the WTC Complaint because these allegations constitute an advertising injury. Applying the pleadings test, the following allegations are sufficient to demonstrate an advertising injury because these allegations demonstrate that Speidel's potential liability arose from actions connected with its advertising activity:

a. In the course of its business during the 1990s, Speidel advertised the plaintiff's logo without the legal authority to do so. (WTC Complaint, ¶ 14).

b. In 2006, Speidel advertised a product that prominently displayed the plaintiff's copyrighted logo, attaching an example of this in Exhibit F of the complaint. (WTC Complaint, ¶ 19).

c. Speidel's unlawfully used of the plaintiff's logo "in connection with...advertising of good and services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services." (WTC Complaint, ¶¶ 24, 28, 36, 42, and 48)

27. In addition to these allegations, the WTC has sought equitable relief that is directly related to the Plaintiff's advertising activities. (WTC Complaint, pp. 9-10, §§ (a)(1) and (b), **Exhibit B**).

28. There is no exclusion within the Umbrella Policy that is sufficient to eradicate the Defendant's duty to defend.

29. Because the allegations and prayers for relief contained within the four corners of the WTC Complaint establish an advertising injury, Defendant Transportation Insurance owes the Plaintiff a duty to defend and indemnify.

**COUNT THREE**

**(AGAINST BOTH DEFENDANTS)**
**(Legal Fees Pursuant to R.I. Gen. Laws § 9-1-45)**

30. The Plaintiff re-alleges each of the preceding paragraphs for the purposes of Count Three.

31. Under Rhode Island law, a 'court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court: (1) [f]inds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." R.I. Gen. Laws § 9-1-45.

32. The allegations and prayers for relief contained in the WTC Complaint clearly establish an advertising injury that, if true, would provide a basis for coverage under the Insurance Policies. Consequently, the Defendants have breached their

contractual obligations to defend the Plaintiff against the allegations made in the WTC Complaint.

33. Given that there is a complete absence of a justiciable issue or either law or fact, the Plaintiff has a right to recover its legal fees associated with filing this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff Speidel, Inc. demands judgment against the Defendants, National Fire Insurance Company of Hartford and Transportation Insurance Company, requesting an order from this Court decreeing:

(1) That Defendant National Fire Insurance Company of Hartford has a duty to defend and indemnify the Plaintiff against the allegations contained in the WTC Complaint;

(2) That Defendant Transportation Insurance Company has a duty to defend the Plaintiff against the allegations contained in the WTC Complaint;

(3) That Defendant National Fire Insurance Company of Hartford is liable to the Plaintiff for the legal fees already expended during the Plaintiff's defense of the allegations contained in the WTC Complaint;

(4) That Defendant Transportation Insurance Company is liable to the Plaintiff for the legal fees already expended during the Plaintiff's defense of the allegations contained in the WTC Complaint;

(5) That Defendants must indemnify the Plaintiff for the reasonable legal fees associated with this Complaint; and

(6) That Plaintiff has such other and further relief as this Court may deem just and proper.

**PLAINTIFF SPEIDEL, INC.**
By its Attorneys,

William E. O'Gara, Esq. (#4257)
John P. Walsh, Esq. (#6709)
**PANNONE, LOPES & DEVEREAUX LLC**
1800 Financial Plaza
Providence, RI 02903
(401) 824-5100 (Telephone)
(401) 824-5123 (Fax)