# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **WORLD TRIATHLON CORPORATION, a Florida corporation,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **SPEIDEL, INC., a Rhode Island corporation, f/k/a Hirsch Speidel, Inc. f/k/a f/k/a Textron Inc., d/b/a Speidel,** <br><br> **Defendant.** | **CASE NO.** ________________ |

**COMPLAINT**

Plaintiff, WORLD TRIATHLON CORPORATION, a Florida corporation, sues Defendant, SPEIDEL, INC., a Rhode Island corporation, formerly known as Hirsch Speidel, Inc., formerly known as TEXTRON INC. d/b/a SPEIDEL, and alleges:

**PARTIES**

1. Plaintiff, WORLD TRIATHLON CORPORATION, ("WTC"), is a corporation duly organized under the laws of the state of Florida which maintains its principal place of business at 43309 U.S. Highway 19, North, Tarpon Springs, Florida 34688-1608.

2. Defendant, SPEIDEL, INC., ("SPEIDEL"), is a corporation organized under the laws of the State of Rhode Island with its principal place of business at 25 Fairmount Avenue, East Providence, Rhode Island 02914 and does business under the trademark SPEIDEL®. Prior to 2000, SPEIDEL was formerly known as Hirsch Speidel, Inc., and

prior to 1998 was formerly known as Textron Inc. d/b/a Speidel.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under the provisions of 15 U.S.C § 1121, 28 U.S.C. §§ 1338(a) & 1367 and the continuing contempt powers of this Court to enforce its Injunctions.

4. SPEIDEL is subject to the personal jurisdiction of this Court pursuant to the Florida Long Arm Statute, Fla. Stat. § 48.193(2005). Specifically, at all times relevant, SPEIDEL has continuously and regularly engaged in substantial and not isolated business activities within the State of Florida. Additionally, SPEIDEL is personally subject to the jurisdiction of this Court because it has committed tortious acts causing injury within the State of Florida by selling, offering-for-sale, distributing, and delivering products which infringe and violate WTC's trademark and service mark rights.

5. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) & 1391(c) and in this Division pursuant to Local Rule 1.02, M.D.Fla. Local Rules.

**GENERAL ALLEGATIONS**

6. WTC is in the business of organizing and promoting triathlon competitions worldwide including the IRONMAN® Triathlon World Championship and various international IRONMAN® qualifying races. WTC is also in the business of licensing its mark in connection with the sale of products and services including but not limited to wrist watches, athletic wear, athletic products, bicycles and accessories.

7. The first IRONMAN® Triathlon World Championship was conducted in Kailua-Kona, Hawaii in 1978 and comprised 2.4 mile swim, 112 mile bicycle race and a

marathon.

8. In succeeding twenty-eight (28) years since the first IRONMAN® Triathlon World Championship, the race has received international acclaim and grown in prominence to the point where it is recognized as the premiere triathlon event in the world. As a result, competition to become a participant in the annual IRONMAN® Triathlon World Championship, is acute with a series of international and domestic qualifying events.

9. From 1980 to 1990, the IRONMAN® Triathlon World Championship was broadcast on ABC's Wide World of Sports with significant international viewership. Beginning in 1991, the IRONMAN® Triathlon World Championship has been broadcast on NBC with significant viewership. Since 1995, more than 41 million viewers have watched broadcasts of IRONMAN® events.

10. As a result of the growing interest in the sport of triathlon (which was introduced as an Olympic event for the Sydney Olympics in 2000), the international media exposure, and the acclaim and prominence of the race, itself, WTC has acquired enormous fame and goodwill in the IRONMAN® and IRONMAN TRIATHLON® marks.

11. Over the years, to exploit and enhance the goodwill in its marks, WTC has entered into various merchandising and licensing agreements. One of its most successful licensing agreements has been the licensing of IRONMAN TRIATHLON® brand watches by Timex. Beginning in 1985, WTC licensed Timex the right to develop and market a line of watches and chronometers under the IRONMAN TRIATHLON® brand.

12. The WTC license with Timex Corp., and the resulting marketing and sale of IRONMAN TRIATHLON® brand watches by Timex, has been enormously successful.

In fact, the Timex® IRONMAN TRIATHLON® line of watches has had the best selling sports watch in the history of the world, and has had over 50 million total watches sold to date. An example of the use of the IRONMAN TRIATHLON® mark on the licensed Timex® wrist watch is depicted in Exhibit "A."

13. As its principal business, SPEIDEL markets, promotes, advertises, and sells watch bands for wrist watches.

14. In the course of its business in the 1990s, SPEIDEL manufactured, marketed, promoted, advertised and sold wrist watch bands for use on Timex® IRONMAN TRIATHLON® wrist watches. As a prominent part of its labeling, SPEIDEL - without authority or license from WTC - used WTC's IRONMAN® mark in distinctive logotype format and orange color. An example of SPEIDEL'S labeling from the 1990s is attached as Exhibit "B."

15. In 1996, WTC instituted an action styled *World Triathlon Corp. v. Textron, Inc., d/b/a Speidel,* Case No. 96-1635-Civ-T-25 alleging *inter alia* federal trademark infringement, false designation of origin, federal dilution and Florida common law unfair competition ("the First Lawsuit").

16. In February 1998, the First Lawsuit was tried to a jury before this Court resulting in a jury verdict in WTC's favor on all counts, specifically finding the WTC's IRONMAN® stylized logo:

IRONMAN

is inherently distinctive and famous and awarding WTC damages of $1,650,000. A copy of the Verdict is attached as Exhibit "C."

17. On May 4, 1998, this Court entered a Final Judgment in the First Lawsuit in accordance with the jury's verdict. A copy of the Final Judgment is attached as Exhibit "D."

18. Subsequently, the parties entered into a settlement resolving the post-judgment motions and satisfying the damages awarded by the Final Judgment. A Permanent Injunction was entered by this Court – pursuant to the stipulation of the parties – in the form attached as Exhibit "E." Among the conduct permanently enjoined is any use by SPEIDEL of "the stylized IRONMAN® logo in any manner on packaging or in advertisement, promotion or displays of Speidel's replacement watchbands."

19. Upon information and belief, sometime in the Summer of 2006, SPEIDEL began manufacturing, distributing, selling, advertising and promoting replacement watchbands prominently displaying the stylized IRONMAN® logo on the packaging. An example of this packaging is attached as Exhibit "F."

20. This current use of WTC's inherently distinctive and famous stylized IRONMAN® logo by SPEIDEL was without the permission or authority of WTC or any of its licensees.

**COUNT I**

**Infringement of Federally Registered Trademark**

21. Paragraphs 1 through 21 are incorporated and realleged by reference.

22. This is a suit for trademark infringement and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more

particularly, 15 U.S.C. §§ 1116-18, inclusive.

23. WTC is the owner of federal trademark/service mark registrations for IRONMAN® and IRONMAN TRIATHLON® including but not limited to: Reg. Nos. 1,353,313; 1,375,270; 1,462,281; 1,705,924; 1,873,783; 2,022,721; 2,261,283; 2,571,690; 2,420,355; 2,357,949; 2,356,707; 2,384,055; 2,457,898; 2,356,232; 2,369,406; 2,350,149; 2,791,768; 2,831,750; 2,896,856; 2,902,111; 2,902,112; 2,787,455; 2,806537; 2,869,852; 2,998,100; 2,911,298; 2,891,454; 2,911,303; and 3,040,731. All of the foregoing registrations are on the Principal Register and remain in good standing. Moreover, Reg. Nos. 1,226,245; 1,353,313; 1,375,270; 1,462,281; 1,705,924; 1,873,783; 2,022,721; 2,384,055; 2,356,232; and 2,350,149 are incontestable pursuant to 15 U.S.C. § 1065.

24. Defendant's use of Plaintiffs mark on Defendant's packaging constitutes the use, without the Plaintiff/Registrant's approval, of a colorable imitation of Plaintiffs registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services.

25. Defendant's conduct has created and will create confusion among the members of the relevant consuming public and will cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law.

26. Plaintiff has been damaged by Defendant's infringement of its registered mark.

27. Defendant's conduct was willful, intentional and with fll knowledge of WTC's superior rights.

## COUNT II

## False Designation of Origin Under § 43(a) of the Lanham Act

28. Paragraphs 1 through 27 are incorporated and realleged by reference.

29. This is an action for false designation of origin under § 43(a) of the Lanham Act, 15 D.S.C. § 1125(a).

30. WTC's marks have become uniquely associated with and identifies WTC and its licensed products.

31. SPEIDEL'S use of WTC's "IRONMAN" mark constitutes the use of false designation of origin in violation of 15 U.S.C. § 1125(a).

32. SPEIDEL'S conduct is likely to cause confusion or to cause mistake or to deceive as to the affiliation connection or association of SPEIDEL and its wristwatch bands with WTC and its licensees or as to the origin sponsorship, or approval of SPEIDEL'S goods or commercial activities by WTC.

33. SPEIDEL'S infringing and violative conduct has caused irreparable and immediate injury to WTC for which WTC has no adequate remedy at law.

34. WTC has suffered damages as a result of SPEIDEL'S violation of 15 U.S.C. § 1125(a).

35. Defendant's conduct was willful, intentional and with fll knowledge of WTC's superior rights.

## COUNT III

## Dilution of a Famous Mark Under 15 U.S.C. § 1125(c)

36. Paragraphs 1 through 35 are incorporated and realleged by reference.

Case 8:06-cv-02175-EAK-MAP Document 1 Filed 11/21/2006 Page 8 of 21

37. This is an action for dilution and injury to business reputation pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). This cause of action is separate and independent of the cause of action set forth in Count I, but is between the same parties and is based on the same operative facts as set forth above.

38. WTC's IRONMAN® and IRONMAN TRIATHLON® marks are distinctive and famous.

39. SPEIDEL'S activities have lessened the capacity of WTC's marks to identity and distinguish the goods sold in association with the marks.

40. SPEIDEL willfully intended to trade on WTC's reputation or to cause dilution of WTC's marks.

41. Defendant's unlawful conduct will continue to damage WTC unless enjoined by this Court.

**COUNT IV**

**Common Law Unfair Competition**

42. Paragraphs 1 through 41 are incorporated and realleged by reference.

43. This count arises under the Florida common law of unfair competition. Jurisdiction is pendant to count I pursuant to 28 U.S.C. § 1338(b).

44. By committing the acts herein alleged, SPEIDEL is guilty of unfair competition, deceptive advertising and unfair trade practices, in violation of the Florida common law of unfair competition.

45. SPEIDEL'S acts of unfair competition are likely to cause confusion, deception and mistake, and have caused, and will continue to cause, irreparable and immediate injury to WTC for which it has no adequate remedy at law.

46. WTC has suffered damage as a result of SPEIDEL'S acts of unfair competition.

47. SPEIDEL'S acts of unfair competition are in willful and wanton disregard of WTC's rights.

**COUNT V**

**Common Law Trademark Infringment**

48. Paragraphs 1 through 41 are incorporated and realleged by reference.

49. This count arises under Florida common law trademark infringement. Jurisdiction is pendant to count I pursuant to 28 U.S.C. § 1338(b).

50. WTC's stylized IRONMAN logo is subject to common law trademark protection.

51. SPEIDEL's conduct is likely to cause confusion, deception and mistake, and have caused, and will continue to cause, irreparable and immediate injury to WTC for which it has no adequate remedy at law.

52. WTC has suffered damage as a result of SPEIDEL'S acts of unfair competition.

53. SPEIDEL'S acts of common law trademark infringement are in willful and wanton disregard of WTC's rights.

**PRAYER AS TO ALL COUNTS**

WHEREFORE, Plaintiff demands:

a. That Defendant, its agents, servants, employees and, attorneys, and all those persons in active concert or participation with it, be temporarily and thereafter, permanently enjoined and restraint from:

(1) Using the "IRONMAN" mark, the term "IRONMAN", or any

confusingly similar design alone or in combination with other words as a service mark, trademark, trade name, component or otherwise, to mark it, advertise or otherwise identify Defendant's goods and/or service;

(2) Otherwise infringing the "IRONMAN" mark;

(3) Unfairly competing with Plaintiff in any manner whatsoever; and

(4) Causing likelihood of confusion, injury to business reputation, or delusion of the distinctiveness of Plaintiffs mark;

b. That Defendant be required to recall from its customers and deliver up and destroy all devices, literature and advertising and other material bearing the infringing designation;

c. That Plaintiff be awarded its damages and Defendant's profits, and that this award of damages and profits be trebled pursuant to 15 U.S.C. § 1117(a);

d. That Plaintiff be awarded a reasonable attorney's fee pursuant to 15 U.S.C. § 1117;

e. That Plaintiff has and recover its cost in this action pursuant to 15 U.S.C. § 1117 and Fed. R. Civ. P. 54(d)(1);

f. That Plaintiff be awarded punitive damages in excess of $2 million; and

g. That Plaintiff has such other and further relief as this court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

*/s/ Frank R. Jakes*

Frank R. Jakes
Florida Bar No. 372226
E-Mail: josephw@jpfirm.com
Joseph J. Weismann
Florida Bar No. 0041424
E-Mail: josephw@jpfirm.com
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, P.A.
P.O. Box 1100
Tampa, FL 33601-1100
TEL: (813) 225-2500
FAX: (813) 223-7118
Attorneys for Plaintiff

106959