


EXHIBIT

A

tabbies




EXHIBIT

tabbies

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLD TRIATHLON CORPORATION, )
)
**Plaintiff,** )
)
**v.** ) CASE NO. 96-1635-CIV-T-25E
)
TEXTRON, INC. d/b/a SPEIDEL, )
)
**Defendant.** )
____________________________________)

## VERDICT FORM

We, the jury, return the following verdict:

1. Do you find that Speidel's use of World Triathlon Corporation's "Ironman" mark on its packaging constitutes an infringement of World Triathlon Corporation's federally registered trademark?

YES____✓____ NO______________

2 Do you find that Speidel's use of World Triathlon Corporation's "Ironman" mark constitutes a false designation of origin?

YES____✓____ NO______________

EXHIBIT
tabbies

Pltf
2/23

Case 8:06-cv-02175-EAK-MAP Document 1 Filed 11/21/2006 Page 15 of 21

3. Do you find that World Triathlon Corporation's IRONMAN mark is distinctive and famous and that Speidel's activities have diluted the distinctive qualities of World Triathlon Corporation's mark?

YES ✓ NO________

4. Do you find that Speidel's use of World Triathlon Corporation's mark on its packaging constitutes unfair competition?

YES ✓ NO________

If you answered NO to questions 1, 2, 3 and 4, your verdict is for Speidel and you should not proceed further except to date and sign this Verdict Form and return to the courtroom. If you answered YES to questions 1, 2, 3 or 4, please proceed with the remainder of the form.

5. Do you find that Speidel's use of World Triathlon Corporation's mark was a fair use?

YES__________ NO____✓______

6. Do you find that Speidel has established its defense of laches?

YES__________ NO____✓______

If you answered NO to questions 5 and 6, proceed with the remainder of the form. If you answered YES to questions 5 or 6, your verdict is for Speidel and you should not proceed further except to date and sign this Verdict Form and return to the courtroom.

7. If you answered YES to questions 1, 2 or 4, what damages, if any, did World Triathlon Corporation suffer as a result of Speidel's conduct?

$ 1,000,000

8. Was Speidel's conduct willful?

YES ✓ NO ______

9. What profits did Speidel receive as a result of its conduct?

$ 650,000

**SO SAY WE ALL THIS 23 OF FEBRUARY, 1998.**

Wilson
**FOREPERSON**

2/23/98
**DATE**

FILED
98 MAY -5 AM 8:51

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLD TRIATHLON
CORPORATION, INC.,
a Florida corporation,

Plaintiff,

v.

CASE NO. 96-1635-CIV-T-25(E)

TEXTRON, INC., a foreign
corporation, d/b/a SPEIDEL,

Defendant.

______________________________/

**FINAL JUDGMENT**

**THIS CAUSE** came before the Court for trial by jury. The issues having been tried and the verdict having been rendered by the jury on February 23, 1998,

It is **ORDERED AND ADJUDGED** that judgment is entered against Defendant Textron, Inc. d/b/a Speidel and for Plaintiff World Triathlon Corporation in the amount of **One Million Six Hundred Fifty Thousand Dollars ($1,650,000.00)**. This Court shall retain jurisdiction for any further proceedings in this cause.

**DONE AND ORDERED** at Tampa, Florida this 4th day of May, 1998.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Counsel of Record

RECEIVED
MAY 7 1998

EXHIBIT

5/4 ll

Case 8:06-cv-02175-EAK-MAP Document 1 Filed 11/21/2006 Page 19 of 21

FILED
CLERK, U.S. DISTRICT COURT
98 OCT 28 PM 4:35
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WORLD TRIATHLON CORPORATION, INC.,

Plaintiff,

v.

TEXTRON INC., a foreign corporation doing business as SPEIDEL,

Defendant.

CASE NO. 96-1635-CIV-T-25E

## PERMANENT INJUNCTION

This cause came before the Court on the Plaintiff's Motion for Entry of Permanent Injunction, and the Court being advised of the parties' agreement to the form of this order, it is Ordered and Adjudged that the defendant Textron Inc., Hirsch-Speidel, Inc., their officers, agents, servants, employees, assigns, successors-in-interest and attorneys, and those persons in active concert and participation with them, are hereby permanently enjoined from:

1. Using the stylized IRONMAN® logo in any manner on packaging or in advertisement, promotion or displays of Speidel's replacement watchbands;

2. Future use of the mark "IRONMAN" on packaging, advertising, promotions or displays of Speidel's replacement watchbands in any form other than

S:\Legal\DB.DOC\Speidel WTC PI

m/F roll: 6
1317

EXHIBIT

RECEIVED
OCT 28 1998

conventional typeface (i.e., typeface consistent with other printed material appearing on the packaging, advertisements, promotions or displays); and

3. Any use of the mark "IRONMAN" on packaging, advertising, promotions or displays of Speidel's replacement watchbands without descriptive language such as "fits" or "may be used as a replacement on" in close juxtaposition to the mark "IRONMAN" and in comparable size and prominence.

Done and Ordered at Tampa, Florida, this 23rd day of October, 1998.

United States District Judge













EXHIBIT

tabbies