# Exhibit C

CNA

San Francisco Branch
PO Box 7430 San Francisco CA 94120-7430

**Pamela Ellingson, CPCU, ARM**
Claims Consultant
Advertising Injury Unit
Telephone 415-932-7523
800-262-7161 x7523
Facsimile 415-932-7499

December 22, 2006

Mr. John Doyle
Speidel, Inc.
25 Fairmount Avenue
E. Providence, RI 02914-1701

**SENT CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

| | |
|---|---|
| Re: | **World Triathlon Corporation v. Speidel, Inc. et al.** |
| Insured: | Speidel, Inc. |
| Claim No.: | E2-292291 |
| Claimant: | World Triathlon Corporation |
| Policy No.: | 2083491676 – Primary Policy |
| Policy Period: | 1/1/06 – 1/1/07 |
| Insurer: | National Fire Insurance Company of Hartford |
| Policy No.: | 2083491595 – Umbrella Policy |
| Policy Period: | 1/1/06 – 1/1/07 |
| Insurer: | Transportation Insurance Company |

Dear Mr. Doyle:

This letter will serve as a follow-up to our telephone conversation on November 20, 2006, advising that there was an issue regarding coverage and that National Fire Insurance Company of Hartford/ Transportation Insurance Company (herein referred to as "CNA") reserved the right to fully investigate the facts and review the policy before making a coverage determination. Based on the materials supplied for our review and the provisions of the commercial general liability and commercial umbrella policies issued to Speidel, Inc., we must advise you that the matters alleged by the plaintiff are not covered by the policy, and CNA is not obligated to defend or indemnify, or reimburse for any legal defense fees or costs expended in this matter. The Company's decision to disclaim coverage is based on the following coverage analysis.

**ALLEGATIONS OF THE COMPLAINT:**

In November 2006, plaintiff World Triathlon Corporation filed a Supplemental Complaint against Speidel, Inc. f/k/a Hirsch Speidel, Inc. f/k/a Textron Inc., d/b/a Speidel, in the United States District Court for the Middle District of Florida, Tampa Division. Within the lawsuit, plaintiff asserts five causes of action for Infringement of Federally Registered Trademark, False Designation of Origin Under Section 43(a) of the Lanham Act, Dilution of a Famous Mark Under

15 U.S.C. Section 1125(c), Common Law Unfair Competition, and Common Law Trademark Infringement.

According to the Complaint, plaintiff is in the business of organizing and promoting triathlon competitions worldwide including the IRONMAN Triathlon World Championship and various international IRONMAN qualifying races. Plaintiff is also in the business of licensing its mark in connection with the sale of products and services including but not limited to wrist watches, athletic wear, athletic products, bicycles and accessories. As a result of the growing interest in the sport of triathlon, plaintiff contends that it has acquired enormous fame and goodwill in the IRONMAN and IRONMAN TRIATHLON marks. Plaintiff has entered into various merchandising and licensing agreements and one of its most successful licensing agreements has been the licensing of IRONMAN TRIATHLON brand watches by Timex.

Plaintiff is informed and believes that defendant Speidel markets, promotes, advertises, and sells watch bands for wrist watches. In the course of its business in the 1990s, Speidel manufactured, marketed, promoted, advertised and sold wrist watch bands for use on Timex IRONMAN TRIATHLON wrist watches. As part of its labeling, Spiedel used plaintiff's IRONMAN mark in distinctive logotype forman and orange color without the authority or license from plaintiff. In 1996, plaintiff initiated a lawsuit against Speidel alleging federal trademark infringement, false designation of origin, federal dilution and Florida common law unfair competition. In February 1998, this action was tried to a jury resulting in a favorable verdict for the plaintiff on all counts and awarding plaintiff damages of $1,650,000. The jury further concluded that the IRONMAN stylized logo is inherently distinctive and famous. Subsequently, the parties entered into a settlement resolving the post judgment motions and satisfying the damages awarded by the Final Judgment. A Permanent Injunction was entered by the Court enjoining Speidel to use the stylized IRONMAN logo in any manner on packaging or in advertisement, promotion or displays of Speidel's replacement watchbands.

Upon information and belief, plaintiff alleges that in the Summer of 2006, Speidel began manufacturing, distributing, selling, advertising and promoting replacement watchbands prominently displaying the stylized IRONMAN logo on the packaging. Defendant's current use of plaintiff's inherently distinctive and famous stylized IRONMAN logo by Speidel was without the permission or authority of plaintiff or any of its licensees. Plaintiff now prays for preliminary and permanent injunctive relief, recall of product and delivery and destruction of all infringing goods, damages and Defendants profits, treble damages, attorney's fees and costs, punitive damages, and further relief as the Court deems proper.

**RELEVANT COVERAGE:**

National Fire Insurance Company of Hartford issued a commercial general liability policy to Speidel, Inc. under policy number 2083491676. The applicable policy term was from 1/1/06 – 1/1/07. The policy limit is $1,000,000 for "personal injury" and "advertising injury" with a $2,000,000 general aggregate. The Commercial General Liability Coverage Form is **CG0001 12/04**, which provides coverage, under Coverage Part A, for "bodily injury" and "property damage" caused by an "occurrence." The policy also provides coverage, under Coverage Part B, for "personal injury and advertising injury" to which this insurance applies.

The Commercial General Liability Coverage Form **CG0001 12/04** states in part:

***SECTION I – COVERAGES***

***COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY***

1. ***Insuring Agreement***

   a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

      (1) *The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*

      (2) *Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

      *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.*

   b. *This insurance applies to "bodily injury" and "property damage" only if:*

      (1) *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

      (2) *The "bodily injury" or "property damage" occurs during the policy period; and*

      (3) *Prior to the policy period, no insured listed under Paragraph **1.** Of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

   c. *"Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** Of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any*

*continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.*

**d.** *"Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph* ***1.*** *of Section* ***II*** *– Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:*

(1) *Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;*

(2) *Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or*

(3) *Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.*

**e.** *Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*

*"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

*"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

*"Property damage" means:*

**a.** *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

**b.** *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*"Your product":*

**a.** *Means:*

(1) *Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:*

(a) *You;*

(b) *Others trading under your name; or*

(c) *A person or organization whose business or assets you have acquired; and*

*(2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.*

*b. Includes*

*(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and*

*(1) The providing of or failure to provide warnings or instructions.*

*c. Does not include vending machines or other property rented to or located for the use of others but not sold.*

Applicable exclusions under Coverage Part A are:

**2. Exclusions.**

*This insurance does not apply to:*

***a. Expected or Intended Injury***

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

***n. Recall of Products, Work or Impaired Property***

*Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of:*

*(1) "Your product";*

*(2) "Your work"; or*

*(3) "Impaired property";*

*if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.*

***o. Personal and Advertising Injury***

*"Bodily injury" arising out of "personal and advertising injury".*

*Exclusions **c.** through **n.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section **III** - Limits of Insurance.*

However, Coverage A Bodily Injury and Property Damage Liability of the Commercial General Liability Coverage Form is modified by the "Amendment of Insuring Agreement – Known Injury or Damage Endorsement" (G136080A 02/00). Therefore, the *Insuring Agreement* for Coverage A Bodily Injury and Property Damage Liability reads as follows:

*Paragraph 1. Insuring Agreement of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:*

*1. Insuring Agreement*

*a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

*(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and*

*(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.*

*b. This insurance applies to "bodily injury" and "property damage" only if:*

*(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

*(2) The "bodily injury" or "property damage" occurs during the policy period; and*

*(3) With respect to "bodily injury" or "property damage" that continues, changes or resumes so as to occur during more than one policy period, both of the following conditions are met:*

*(i) Prior to the policy period, no Authorized Insured knew that the "bodily injury" or "property damage" had occurred, in whole or in part; and*

*(ii) During the policy period, an Authorized Insured first knew that the "bodily injury" or "property damage" had occurred, in whole or in part.*

*For purposes of this Paragraph 1.b.(3) only, if (a) "bodily injury" or "property damage" that occurs during this policy period does not continue, change or resume after the termination of this policy period; and (b) no Authorized Insured first knows of this "bodily injury" or "property damage" until after the termination of this policy period, then such first knowledge will be deemed to be during this policy period.*

*c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Authorized Insured includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.*

*d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any Authorized Insured:*

*(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;*

*(2) Receives a written or verbal demand, claim or "suit" for damages because of the "bodily injury" or "property damage"; or*

*(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.*

*e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*

This policy also provides coverage for "personal injury and advertising injury" under Coverage B, which provides as follows:

***COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY***

***1. Insuring Agreement***

***a.*** *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:*

***(1)*** *The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*

*(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** and **B** or medical expenses under Coverage **C**.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.*

*b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

*"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

*a. False arrest, detention or imprisonment;*

*b. Malicious prosecution;*

*c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*

*d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

*e. Oral or written publication, in any manner, of material that violates a person's right of privacy;*

*f. The use of another's advertising idea in your "advertisement"; or*

*g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

*"Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For purposes of this definition:*

*a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and*

*b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.*

2. ***Exclusions***

*This insurance does not apply to:*

a. ***Knowing Violation of Rights Of Another***

*"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*

***b. Material Published With Knowledge Of Falsity***

*"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.*

***c. Material Published Prior to Policy Period***

*"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.*

***d. Criminal Acts***

*"Personal and advertising injury" arising out of a criminal act committed by or at the direction of any insured.*

***e. Contractual Liability***

*"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.*

***f. Breach of Contract***

*"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".*

***g. Quality Or Performance of Goods – Failure To Conform To Statements***

*"Personal and advertising injury" arising out of the failure of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".*

***h. Wrong Description Of Prices***

*"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".*

***i. Infringement Of Copyright, Patent, Trademark or Trade Secret***

*"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.*

*However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.*

*j.* ***Insureds In Media And Internet Type Businesses***

*"Personal and advertising injury" committed by an insured whose business is:*

*(1)* *Advertising, broadcasting, publishing or telecasting;*

*(2)* *Designing or determining content of web-sites for others; or*

*(3)* *An Internet search, access, content or service provider.*

*However, this exclusion does not apply to Paragraphs **14.a. b.** and **c.** of "personal and advertising injury" under the Definitions Section.*

*For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.*

***k.*** ***Electronic Chatrooms or Bulletin Boards***

*"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.*

***l.*** ***Unauthorized Use Of Another's Name Or Product***

*"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.*

***m.*** ***Pollution***

*"Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.*

***n.*** ***Pollution-Related***

*Any loss, cost or expense arising out of any:*

*(1)* *Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or*

*(2)* *Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".*

***o.*** ***War***

*"Personal and advertising injury", however caused, arising, directly or indirectly, out of:*

*(1) War, including undeclared or civil war;*

*(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or*

*(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.*

The policy contains the "Manufacturers General Liability Extension Endorsement" (form G144041B 04/04). It states in part:

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

***16. EXPANDED PERSONAL INJURY***

***A.*** *The following is added to* ***Section V – Definitions,*** *the definition of "personal and advertising injury":*

***h.*** *Discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:*

***(1)*** *Not done intentionally by or at the direction of:*

***(a)*** *The insured; or*

***(b)*** *Any "executive officer," director, stockholder, partner, member or manager (if you are a limited liability company) of the insured; and*

***(2)*** *Not directly or indirectly related to the employment, prospective employment, past employment or termination of employment of any person or persons by any insured.*

***B.*** *Exclusions of* ***Section I – Coverage B – Personal And Advertising Injury Liability*** *is amended to include the following:*

***o. Discrimination Relating To Room, Dwelling or Premises***

*Caused by discrimination directly or indirectly related to the sale, rental, lease or sub-lease or prospective sale, rental, lease or sub-*

*lease of any room, dwelling or premises by or at the direction of any insured.*

***p. Fines Or Penalties***

*Fines or penalties levied or imposed by a governmental entity because of discrimination.*

*C. This provision **16. (EXPANDED PERSONAL AND ADVERTISING INJURY COVERAGE)** does not apply to discrimination or humiliation committed in the states of New York or Ohio. Also, **EXPANDED PERSONAL AND ADVERTISING INJURY COVERAGE** does not apply to policies issued in the states of New York or Ohio.*

*D. This provision **16. (EXPANDED PERSONAL AND ADVERTISING INJURY COVERAGE)** does not apply if **Section I- Coverage B – Personal And Advertising Injury Liability** is excluded either by the provisions of the Coverage Part or by endorsement.*

***17. BODILY INJURY***

***Section V – Definitions**, the definition of "bodily injury" is changed to read:*

*"Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death, humiliation, shock, mental anguish or mental injury by that person at any time which results as a consequence of the bodily injury, sickness or disease.*

***18. EXPECTED OR INTENDED INJURY***

*Exclusion **a.** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:*

***a.** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.*

***SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS***

***2. Duties In The Event Of Occurrence, Claim Or Suit.***

***b.** If a claim is made or "suit" is brought against any insured, you must:*

***(1)** Immediately record the specifics of the claim or "suit" and the date received; and*

***(2)** Notify us as soon as practicable.*

*You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

c. *You and any other involved insured must:*

(1) *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"*

(2) *Authorize us to obtain records and other information;*

(3) *Cooperate with us in the investigation, settlement or defense of the claim or "suit;" and*

(4) *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

d. *No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

**COVERAGE ANALYSIS:**

In light of the *WTC* Complaint and the additional information you have provided, we have determined for the following reasons that the commercial general liability policy does not provide coverage for those claims.

No "Bodily Injury" or "Property Damage"

For coverage to apply under "bodily injury" and "property damage", the policy requires the plaintiff to seek damages for "bodily injury" or "property damage" caused by an "occurrence" that takes place in the "coverage territory" and occurs during the policy period. Within the policy, "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death, humiliation, shock, mental anguish or mental injury by that person at any time which results as a consequence of the bodily injury, sickness or disease." The policy defines "property damage" as "physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured." Finally, the policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." There is no evidence in the Complaint of an "occurrence" which may have caused "bodily injury" or "property damage." For these reasons, CNA disclaims coverage under the "bodily injury" and "property damage" insuring agreement for all of the claims alleged in the Complaint.

No "Personal and Advertising Injury"

The Policy defines "personal and advertising injury" as injury, including consequential "bodily injury", arising out of false arrest, detention or imprisonment; malicious prosecution; wrongful eviction from residential premises; slander, libel or disparagement; invasion of privacy; use of another's idea in your "advertisement"; and infringing another's copyright, trade dress or slogan in your "advertisement". The Manufacturers General Liability Extension Endorsement expands the "personal and advertising injury" definition to include discrimination and humiliation. We do not understand the *WTC* Complaint as asserting that any plaintiff suffered "personal and advertising injury" as defined in the Policy. In particular, we do not believe that the allegations of the Complaint fall within any of the offenses constituting "personal and advertising injury".

Within the Complaint, plaintiff asserts allegations of federal trademark infringement, federal unfair competition, common law trademark infringement, and common law unfair competition. Such allegations do not constitute a covered "personal and advertising injury" as those terms are defined in the policy. In addition, such claims are precluded from coverage by Exclusion i ("Infringement of Copyright, Patent, Trademark or Trade Secret") which bars coverage for "'personal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights."

In addition, the allegations in the complaint may potentially trigger Exclusion f. Our review of the Settlement Agreement and Permanent Injunction in the 1998 *WTC* action both appear to encompass and apply to Speidel, Inc. In the Settlement Agreement, Speidel is referencee as a business operated as Hirsch-Speidel and Hirsch-Speidel paid to settle this matter, thereby securing a release of itself and its divisions, subsidiaries, etc., including Speidel, Inc. Moreover, the Permanent Injunction, which is part of the Settlement Agreement, applies to Hirsch-Speidel and its successors-in-interest and persons in active concert and participation with it, and also specifically references Speidel, Inc. It appears that the intent of the Settlement Agreement and the purpose of the Permanent Injuntion was to settle the infringement claims against Speidel, whether as a division or subsidiary of another entity and/or as a DBA, and to enjoin that infringing conduct in the future. In this present action, it appears that plaintiff's claimed damages are solely derived from the violation of the Settlement Agreement and Permanent Injunction. Accordingly, the policy's breach of contract exclusion would bar any potential for coverage in this matter. By drawing your attention to these particular exclusions, CNA does not intend to waive any other exclusions in the policy.

Other Issues

CNA may have other coverage defenses. Please be advised that CNA also disclaims coverage (a) for any other relief set forth in the Complaint, such as restitution, disgorgement, and injunctive relief, on the grounds that they do not assert a claim for "damages"; and (b) for any claims for punitive or multiple damages, or for violations of any unfair trade, act, competition, or practice claims, on the grounds that any such claims are not covered by the subject policy.

**UMBRELLA POLICY:**

Transportation Insurance Company also issued a commercial umbrella policy to Speidel, Inc. under policy number 2083491595 for the period of 1/1/06 – 1/1/07. The policy form is the **Commercial Umbrella Plus Coverage Part (Form G15057B 01/99).** It should be noted that the policy also contains the "Amendment of Definitions Endorsement" (Form G-147133-A 01/04) which modifies coverage in this matter.

The **Commercial Umbrella Plus Coverage Part (Form G15057B 01/99)** states in part:

***SECTION I – COVERAGES***

***1. Insuring Agreement***

*We will pay on behalf of the insured those sums in excess of "scheduled underlying insurance", "unscheduled underlying insurance" or the "retained limit" that the insured becomes legally obligated to pay as "ultimate net loss" because of:*

***a.*** *"Bodily Injury" or "property damage" which occurs during the policy period and is caused by an "incident"; or*

***b.*** *"Personal injury" or "advertising injury" caused by an "incident" committed during the policy period*

*anywhere in the world to which this insurance applies.*

*If we are prevented by law, statute or otherwise from paying on behalf of the insured, then we will indemnify the insured for those sums that the insured is legally obligated to pay as "ultimate net loss" because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies.*

*The following definitions, as differed from the primary policy, are stated below:*

***1. "Advertising Injury"*** *means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

***a.*** *Oral, written, televised or videotaped publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;*

***b.*** *Oral, written, televised or videotaped publication of material that violates a person's right of privacy;*

***c.*** *The use of another's advertising idea in your advertisement; or*

***d.*** *Infringement upon another's copyright, trade dress or slogan in your advertisement.*

*Advertisement means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.*

***3. "Bodily injury"*** *means bodily injury, sickness or disease; mental injury or mental anguish sustained by a person, including death resulting from any of these.*

***9. "Incident"***

*a. With respect to "bodily injury" and "property damage," "incident" means an occurrence. An occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

*b. With respect to "personal injury" and "advertising injury," "incident" means an offense arising out of your business..*

*10. **"Personal Injury"** means injury, including consequential "bodily injury," arising out of one or more of the following offenses:*

*a. False arrest, detention or imprisonment;*

*b. Malicious prosecution or abuse of process;*

*c. Wrongful eviction from, wrongful entry into, or the invasion of the right of private occupancy of a room, dwelling or premises that a person occupies committed by or on behalf of its owner, landlord or lessor;*

*d. Discrimination, unless such insurance is prohibited by law;*

*e. Humiliation;*

*f. Libel;*

*g.. Slander or defamation of character; or*

*h. Invasion of rights of privacy,*

*except for coverage that is afforded under "advertising injury."*

*16. **"Retained limit"** means the amount stated as such in the Declarations. The "retained limit" is retained and payable by the insured as respects all "incidents" not covered by "scheduled underlying insurance" or by "unscheduled underlying insurance.".*

*17. **"Scheduled underlying insurance"** means the insurance policies listed in the Schedule of Underlying Insurance including renewal or replacement of such contracts which are not more restrictive than those listed in the aforementioned Schedule of Underlying Insurance.*

*18. **"Ultimate net loss"***

*a. "Ultimate net loss" means the actual damages the insured is legally obligated to pay, either through:*

*(1) Final adjudication on the merits; or*

*(2) Through compromise settlement with our written consent or direction;*

*because of "incident(s)" covered by this policy.*

*However, it includes the above mentioned sums only after deducting all other recoveries and salvages.*

*b. "Ultimate net loss" does not include the following:*

*(1) Costs or expenses related to:*

*(a) Litigation,*
*(b) Settlement;*
*(c) Adjustment; or*
*(d) Appeals;*

*nor costs or expenses incident to the same which an "underlying insurer" has paid, incurred or is obligated to pay to or on behalf of the insured;*

*(2) Pre-judgment interest;*

*(3) Office costs and expenses and salaries and expenses of the employees of an insured;*

*(4) Our office costs and expenses and salaries of our employees; or*

*(5) General retainer and/or monitoring fees of counsel retained by the insured.*

*19. **"Underlying insurer"** means an insurer whose policy covers "bodily injury," "property damage," "personal injury" or "advertising injury" also covered by this policy but does not include insurers whose policies were purchased specifically to be in excess of this policy. It includes all insurers providing:*

*a. "Unscheduled underlying insurance"; and*

*b. "Scheduled underlying insurance".*

*20. **"Unscheduled underlying insurance"***

*a. "Unscheduled underlying insurance" means insurance policies available to an insured, whether:*

*(1) Primary;*
*(2) Excess;*
*(3) Excess-contingent; or*
*(4) Otherwise;*

*except the policies listed in the Schedule of Underlying Insurance.*

*b. "Unscheduled underlying insurance" does not include insurance purchased specifically to be excess of this policy.*

*Exclusions noted on the Umbrella form applicable to this loss are:*

***2. Exclusions***

*This Insurance does not apply to:*

*This Insurance does not apply to:*

a. *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property. This exclusion does not apply to Employers Liability claims for "bodily injury" covered by "scheduled underlying insurance."*

c. *"Personal injury" or "advertising injury:"*

(1) *Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury";*

(2) *Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;*

(3) *Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;*

(4) *Arising out of a criminal act committed by or at the direction of any insured;*

(5) *For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;*

(6) *Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";*

(7) *Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";*

(8) *Arising out of the wrong description of the price of goods, products or services stated in your "advertisement"; or*

(9) *Committed by an insured whose business is advertising, broadcasting, publishing or telecasting. However, this exclusion does not apply to paragraph 10.a., b. and c. of "personal injury" under SECTION V - DEFINITIONS.*

n. *Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:*

(1) *"Your product";*

(2) *"Your work"; or*

(3) *"Impaired property";*

*if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.*

***SECTION III – LIMITS OF INSURANCE***

*2. The limit of insurance shown in the Declarations as the Aggregate limit is the most we will pay for the sum of all "ultimate net loss," except for **2.b.** below, to which this insurance applies and applies separately to each of the following:*

*a. All "ultimate net loss" included in the "products-completed operations hazard"; and;*

*b. All other "ultimate net loss" except for "ultimate net loss":*

*(1) included in the "products-completed operations hazard"; or*

*(2) covered by "scheduled underlying insurance" to which no underlying aggregate limit applies.*

*3. Subject to **2.** above, the limit of insurance shown in the Declarations as the Each Incident limit is the most we will pay for the sum of "ultimate net loss" to which this insurance applies arising out of any one "incident."*

The policy also contains the "Amendment of Definitions" (G-147133-A 01/04). This endorsement modifies insurance provided under the following:

***AMENDMENT OF DEFINITIONS***

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL UMBRELLA PLUS COVERAGE PART*

*I. SECTION V – DEFINITIONS is amended as follows:*

*A. The definition "property damage" is deleted and replaced by the following:*

*"Property damage" means:*

*1. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

*2. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*For the purposes of this insurance, electronic data is not tangible property.*

*As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or*

*floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*

*B. Wherever they appear in the policy, the phrases "personal injury" and "advertising injury" are deleted and replaced with the phrase "personal and advertising injury." The definitions of "personal injury" and "advertising Injury" are deleted and replaced by the following:*

*"Personal and advertising injury" means injury, including consequential "bodily injury, arising out of one or more of the following offenses:*

1. *False arrest, detention or imprisonment;*

2. *Malicious prosecution;*

3. *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*

4. *Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

5. *Oral or written publication, in any manner that violates a person's right of privacy;*

6. *The use of another's advertising idea in your "advertisement"; or*

7. *Infringing upon another's copyright, trade dress or slogan in your "advertisement."*

*C. The definition of "your product" is deleted and replaced by the following:*

*"Your product"*

1. *means:*

   a. *Any goods or products, other than real property, manufactured, sold, handled, distributed, licensed by or disposed of by:*

      (1) *You;*

      (2) *Others trading under your name; or*

      (3) *A person or organization whose business or assets you have acquired; and*

   b. *Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.*

2. *includes*

a. *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and*

b. *The providing of or failure to provide warnings or instructions.*

3. *does not include vending machines or any other property rented to, or located for the use of others but not sold or licensed.*

D. *The definition "Advertisement" is added as follows:*

*"Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:*

1. *Notices that are published include material placed on the Internet or on similar electronic means of communication; and*

2. *Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.*

**COVERAGE ANALYSIS:**

As with the primary policy, the allegations set forth in the *WTC* Complaint do not fall within the ambit of coverage for the Commercial Umbrella Plus Coverage Part. There are no allegations in the Complaint which would fall within the policy definitions of "bodily injury," "property damage," or "personal injury and advertising injury" caused by an "incident." In addition, the policy's breach of contract exclusion would preclude any coverage in this matter.

**CONCLUSION:**

We, therefore, must respectfully advise Speidel, Inc., that coverage is not afforded under the commercial general liability and commercial umbrella policies. Consequently, CNA has no duty to defend or indemnify them for this matter.

Although we have quoted only portions of the referenced policies to assist you in understanding CNA's position in this matter, we do not intend to suggest that they are totally inclusive of all the policy language that may apply. If any question arises as to what is or is not presented within the policy, the policy itself will stand as the sole contract document.

In the event that you have additional information which you believe would materially affect our decision concerning this coverage issue, or if plaintiff amends the Complaint, please present it to us for immediate consideration. Unless there are other considerations, we will stand upon our decision that no coverage is afforded under this policy for the allegations as alleged in this matter.

CNA's participation in any further investigation or analysis, reconsideration of this matter, or other conduct should not be construed as a waiver or surrender of any of CNA's rights under the policy, including without limitation the right to deny coverage or refuse to indemnify the insured in this

matter. CNA reserves the right to amend or modify any of the reasons supporting its declination should CNA discover additional information regarding this claim in the future.

Sincerely,

Pamela Ellingson

cc: Ms. Theresa D'Orsi
Mastors & Servants Ltd
PO Box 1158
East Greenwich, RI 02818

Mr. David Rogero
David M. Rogero, P.A.
2625 Ponce de Leon Boulevard, Suite 280
Coral Gables, FL 33134-6018