UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SPEIDEL, INC., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.: 07-071 ML |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND TRANSPORTATION INSURANCE COMPANY, | § | |
| Defendants. | § | |

**DEFENDANTS NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND TRANSPORTATION INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' DECLARATORY JUDGMENT COMPLAINT**

Defendants National Fire Insurance Company of Hartford and Transportation Insurance Company ("Defendants") hereby answer the allegations contained in Plaintiff's Declaratory Judgment Complaint as follows:

## NATURE OF ACTION

1. Paragraph 1 of Plaintiff's Complaint is for informational purposes only; therefore, no response is required.

## JURISDICTION AND VENUE

2. This Paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in this Paragraph.

3. This Paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in this Paragraph.

## PARTIES

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 4 of Plaintiff's Complaint and leaves the Plaintiff to its proofs.

5. Defendants deny that National Fire Insurance Company of Hartford is incorporated under Delaware law, as it is incorporated under Connecticut law, and admit that it has a principal business in Illinois.

6. Defendants deny that Transportation Insurance Company is incorporated under Delaware law, as it is incorporated under Illinois law, and admit that it has a principal business in Illinois.

## FACTS COMMON TO ALL COUNTS

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7 of Plaintiff's Complaint and leaves the Plaintiff to its proofs.

8. Defendants admit that National Fire Insurance Company of Hartford issued a commercial general liability policy to Plaintiff under policy number 2083491676 with an applicable policy period of 01/01/06 through 01/01/07 (the "CGL Policy"). Defendants state that the terms and conditions of the CGL Policy speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit that Transportation Insurance Company issued a commercial umbrella policy to Plaintiff under policy number 2083491595 with an applicable policy period of 01/01/06 through 01/01/07 (the "Umbrella Policy"). Defendants state that the terms and

conditions of the Umbrella Policy speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10. Admitted.

11. Defendants admit only that a lawsuit was filed in the United States District Court for the Middle District of Florida, Tampa Division entitled World Triathlon Corporation v. Speidel, Inc. f/k/a Hirsch Speidel, Inc. f/k/a Textron, Inc. f/k/a Speidel (the "Underlying Lawsuit"). The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit receipt of a letter from Plaintiff in which Plaintiff requested coverage for the allegations made against Plaintiff in the Underlying Lawsuit. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that, by way of correspondence of December 22, 2006, to Plaintiff, Defendants advised Plaintiff that the matters alleged against Plaintiff in the Underlying Lawsuit were not covered by the CGL and Umbrella Policies (the "Denial Letter"). The contents of the Denial Letter speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15. Defendants state that the contents of the Denial Letter speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of Plaintiff's Complaint and leaves the Plaintiff to its proofs.

**COUNT ONE**
**(AGAINST DEFENDANT NATIONAL FIRE INSURANCE)**

17. Defendants restate and incorporate by reference its responses to Paragraphs 1 through 16 of Plaintiff's Complaint.

18. Defendants deny the allegations of Paragraph 18 directed at Defendant National Fire Insurance Company of Hartford. Insofar as the balance of the Paragraph merely cites legal authority, no response is required.

19. Defendants admit only that the CGL Policy was issued to Plaintiff. Defendants state that the terms and conditions of the CGL Policy speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as

expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations of Paragraph 22 directed at Defendant National Fire Insurance Company of Hartford.

23. Defendants deny the allegations of Paragraph 23 directed at Defendant National Fire Insurance Company of Hartford.

**COUNT TWO**
**(AGAINST DEFENDANT TRANSPORTATION INSURANCE)**
**(Declaratory Judgment Action to Establish a Duty to Tender a Defense)**

24. Defendants restate and incorporate by reference its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

25. Defendants deny the allegations of Paragraph 25 directed at Defendant Transportation Insurance Company. Insofar as the balance of the Paragraph merely cites legal authority, no response is required.

26. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations of Paragraph 28 directed at Defendant Transportation Insurance Company.

29. Defendants deny the allegations of Paragraph 29 directed at Defendant Transportation Insurance Company.

**COUNT THREE**
**(AGAINST BOTH DEFENDANTS)**
**(Legal Fees Pursuant to R.I. Gen. Laws § 9-1-45)**

30. Defendants restate and incorporate by reference its responses to Paragraphs 1 through 29 of Plaintiff's Complaint.

31. Insofar as Paragraph 31merely cites legal authority, no response is required.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Plaintiff's claims are barred as to Defendants, in whole or in part, by the doctrine of estoppel.

3. Plaintiff's claims are barred as to Defendants, in whole or in part, by the doctrine of waiver.

4. Plaintiff's claims are barred as to Defendants, in whole or in part, by the doctrine of laches.

5. Plaintiff's claims are barred as to Defendants, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred as to Defendants, in whole or in part, by the doctrine of unclean hands.

7. The terms, conditions, exclusions and other provisions of the CGL and Umbrella Policies placed at issue herein speak for themselves.

8. All or part of the sums for which Plaintiff seeks coverage may be precluded by the applicable provisions, terms, conditions, limitations and exclusions of the CGL and Umbrella Policies placed at issue herein, and/or by public policy or express provision of law.

9. The rights and obligations of Plaintiff and Defendants are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the CGL and Umbrella Policies placed at issue herein. The terms, exclusions, conditions and other provisions of the CGL and Umbrella Policies are too voluminous to itemize as affirmative defenses, and are therefore incorporated by reference herein.

10. Plaintiff has failed to comply with conditions precedent and subsequent necessary to the existence of coverage for Plaintiff under the Policy.

11. Any obligation of Defendants to Plaintiff is limited by the “Limit of Insurance” as set forth in the CGL and Umbrella Policies.

12. Plaintiff’s claims are barred for failure to join all indispensable parties.

13. Plaintiff’s claims are barred, in whole or in part, by the “Other Insurance” clause contained in the CGL and Umbrella Policies.

14. Plaintiff’s claims are barred by its failure to mitigate their damages, if any.

15. Plaintiff’s claims are barred by the statute of frauds.

16. Plaintiff’s suit cannot lie because it has failed to comply with conditions precedent of any alleged contract or agreement necessary to have a recovery.

17. Plaintiff’s claims fail in that, to the extent that Defendants lacked a reasonable basis for denying benefits under the CGL and Umbrella Policies, which Defendants expressly deny,

Defendants did not know or recklessly disregard their lack of a reasonable basis in denying benefits under the CGL and Umbrella Policies.

18. The allegations contained in the Underlying Lawsuit do not constitute one of the enumerated "personal and advertising injury" offenses identified in the CGL and Umbrella Policies.

19. The allegations contained in the Underlying Lawsuit do not constitute one of the enumerated "bodily injury" offenses identified in the CGL and Umbrella Policies.

20. The allegations contained in the Underlying Lawsuit do not constitute one of the enumerated "property damage" offenses identified in the CGL and Umbrella Policies.

21. The allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the exclusion contained in the CGL Policy for personal and advertising injury "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

22. The allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the exclusion contained in the CGL Policy for personal and advertising injury "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period."

23. The allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the CGL and Umbrella Policies' exclusion for advertising injury "[a]rising out of a breach of contract."

24. The allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the "Infringement of Copyright, Patent, Trademark or Trade Secret" exclusion contained in the CGL Policy.

25. The allegations contained in the Underlying Lawsuit are barred from coverage under the CGL and Umbrella Policies to the extent that they seek injunctive relief and/or other forms of equitable relief that do not constitute "damages" for personal and advertising injury.

26. The allegations in the Underlying Lawsuit are barred from coverage to the extent that Plaintiff knew that its conduct had caused or would or was intended to cause injury at the time the CGL and Umbrella Policies were issued.

27. The allegations contained in the Underlying Lawsuit are barred from coverage to the extent that they seek punitive damages and/or fines or penalties from Plaintiff for violations of statutes or regulations.

28. Plaintiff's Complaint does not describe the underlying claim with sufficient particularity to permit Defendants to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the CGL and Umbrella Policies) may exist. Defendants, therefore, reserve the right to assert all defenses which may pertain to Defendants once the precise nature of such actions is determined.

**WHEREFORE,** Defendants National Fire Insurance Company of Hartford and Transportation Insurance Company pray for judgment as follows:

1. dismissing Plaintiff's Complaint as against Defendants;
2. denying the relief sought by Plaintiff in its Complaint;
3. declaring that Defendants have no duty to provide coverage under the CGL and Umbrella Policies;
4. awarding Defendants the attorneys' fees and costs incurred in defending this action; and
5. for such other relief as this Court may deem just and equitable.

RICE DOLAN & KERSHAW
Attorneys for Defendants

BY: ___/s/ Mark Dolan__ ___________________
Mark P. Dolan, Esquire
170 Westminster Street
Suite 900
Providence, RI 02903
Telephone: (401) 272-8800

Of Counsel:

CARROLL MCNULTY & KULL L.L.C.
Christopher R. Carroll, Esquire
Christopher P. Ward, Esquire
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
Telephone: (908) 848-6300
Attorneys for Defendants, National Fire
Insurance Company of Hartford and
Transportation Insurance Company

CERTIFICATION

I hereby certify that the following counsel has received a copy of the within document filed electronically via the Court's ECF system:

William E. O'Gara, Esq.
John P. Walsh, Esq.
Pannone Lopes & Devereaux, LLC
1800 Financial Plaza
Providence, RI 02903

Dated: May 4, 2007 ____/s/ Mark Dolan__________