# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SPEIDEL, INC., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.: 07-071 ML |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND TRANSPORTATION INSURANCE COMPANY, | § | AMENDED ANSWER OF DEFENDANTS NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND TRANSPORTATION INSURANCE COMPANY |
| Defendants. | § | |

Defendants National Fire Insurance Company of Hartford and Transportation Insurance Company ("Defendants") hereby answer the allegations contained in Plaintiff's Declaratory Judgment Complaint as follows:

## NATURE OF ACTION

1. Paragraph 1 of Plaintiff's Complaint is for informational purposes only; therefore, no response is required.

## JURISDICTION AND VENUE

2. This Paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in this Paragraph.

3. This Paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in this Paragraph.

## PARTIES

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 4 of Plaintiff's Complaint and leaves the Plaintiff to its proofs.

5. Defendants deny that National Fire Insurance Company of Hartford is incorporated under Delaware law, as it is incorporated under Connecticut law, and admit that it has a principal business in Illinois.

6. Defendants deny that Transportation Insurance Company is incorporated under Delaware law, as it is incorporated under Illinois law, and admit that it has a principal business in Illinois.

## FACTS COMMON TO ALL COUNTS

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7 of Plaintiff's Complaint and leaves the Plaintiff to its proofs.

8. Defendants admit that National Fire Insurance Company of Hartford issued a commercial general liability policy to Plaintiff under policy number 2083491676 with an applicable policy period of 01/01/06 through 01/01/07 (the "CGL Policy"). Defendants state that the terms and conditions of the CGL Policy speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit that Transportation Insurance Company issued a commercial umbrella policy to Plaintiff under policy number 2083491595 with an applicable policy period of 01/01/06 through 01/01/07 (the "Umbrella Policy"). Defendants state that the terms and conditions of the Umbrella Policy speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10. Admitted.

11. Defendants admit only that a lawsuit was filed in the United States District Court for the Middle District of Florida, Tampa Division entitled World Triathlon Corporation v. Speidel, Inc. f/k/a Hirsch Speidel, Inc. f/k/a Textron, Inc. f/k/a Speidel (the "Underlying Lawsuit"). The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13. Defendants admit receipt of a letter from Plaintiff in which Plaintiff requested coverage for the allegations made against Plaintiff in the Underlying Lawsuit. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that, by way of correspondence of December 22, 2006, to Plaintiff, Defendants advised Plaintiff that the matters alleged against Plaintiff in the Underlying Lawsuit

were not covered by the CGL and Umbrella Policies (the "Denial Letter"). The contents of the Denial Letter speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15. Defendants state that the contents of the Denial Letter speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of Plaintiff's Complaint and leaves the Plaintiff to its proofs.

**COUNT ONE**
**(AGAINST DEFENDANT NATIONAL FIRE INSURANCE)**

17. Defendants restate and incorporate by reference its responses to Paragraphs 1 through 16 of Plaintiff's Complaint.

18. Defendants deny the allegations of Paragraph 18 directed at Defendant National Fire Insurance Company of Hartford. Insofar as the balance of the Paragraph merely cites legal authority, no response is required.

19. Defendants admit only that the CGL Policy was issued to Plaintiff. Defendants state that the terms and conditions of the CGL Policy speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as

expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations of Paragraph 22 directed at Defendant National Fire Insurance Company of Hartford.

23. Defendants deny the allegations of Paragraph 23 directed at Defendant National Fire Insurance Company of Hartford.

**COUNT TWO**
**(AGAINST DEFENDANT TRANSPORTATION INSURANCE)**
**(Declaratory Judgment Action to Establish a Duty to Tender a Defense)**

24. Defendants restate and incorporate by reference its responses to Paragraphs 1 through 23 of Plaintiff's Complaint.

25. Defendants deny the allegations of Paragraph 25 directed at Defendant Transportation Insurance Company. Insofar as the balance of the Paragraph merely cites legal authority, no response is required.

26. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27. Defendants admit only that a complaint was filed in the Underlying Lawsuit. The allegations made in the complaint in the Underlying Lawsuit speak for themselves. Except as

expressly admitted herein, Defendants deny the remainder of the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations of Paragraph 28 directed at Defendant Transportation Insurance Company.

29. Defendants deny the allegations of Paragraph 29 directed at Defendant Transportation Insurance Company.

**COUNT THREE**
**(AGAINST BOTH DEFENDANTS)**
**(Legal Fees Pursuant to R.I. Gen. Laws § 9-1-45)**

30. Defendants restate and incorporate by reference its responses to Paragraphs 1 through 29 of Plaintiff's Complaint.

31. Insofar as Paragraph 31merely cites legal authority, no response is required.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Plaintiff's claims are barred as to Defendants, in whole or in part, by the doctrine of estoppel.

3. Plaintiff's claims are barred as to Defendants, in whole or in part, by the doctrine of waiver.

4. Plaintiff's claims are barred as to Defendants, in whole or in part, by the doctrine of laches.

5. Plaintiff's claims are barred as to Defendants, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred as to Defendants, in whole or in part, by the doctrine of unclean hands.

7. The terms, conditions, exclusions and other provisions of the CGL and Umbrella Policies placed at issue herein speak for themselves.

8. All or part of the sums for which Plaintiff seeks coverage may be precluded by the applicable provisions, terms, conditions, limitations and exclusions of the CGL and Umbrella Policies placed at issue herein, and/or by public policy or express provision of law.

9. The rights and obligations of Plaintiff and Defendants are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the CGL and Umbrella Policies placed at issue herein. The terms, exclusions, conditions and other provisions of the CGL and Umbrella Policies are too voluminous to itemize as affirmative defenses, and are therefore incorporated by reference herein.

10. Plaintiff has failed to comply with conditions precedent and subsequent necessary to the existence of coverage for Plaintiff under the Policy.

11. Any obligation of Defendants to Plaintiff is limited by the "Limit of Insurance" as set forth in the CGL and Umbrella Policies.

12. Plaintiff's claims are barred for failure to join all indispensable parties.

13. Plaintiff's claims are barred, in whole or in part, by the "Other Insurance" clause contained in the CGL and Umbrella Policies.

14. Plaintiff's claims are barred by its failure to mitigate their damages, if any.

15. Plaintiff's claims are barred by the statute of frauds.

16. Plaintiff's suit cannot lie because it has failed to comply with conditions precedent of any alleged contract or agreement necessary to have a recovery.

17. Plaintiff's claims fail in that, to the extent that Defendants lacked a reasonable basis for denying benefits under the CGL and Umbrella Policies, which Defendants expressly deny, Defendants did not know or recklessly disregard their lack of a reasonable basis in denying benefits under the CGL and Umbrella Policies.

18. The allegations contained in the Underlying Lawsuit do not constitute one of the enumerated "personal and advertising injury" offenses identified in the CGL and Umbrella Policies.

19. The allegations contained in the Underlying Lawsuit do not constitute one of the enumerated "bodily injury" offenses identified in the CGL and Umbrella Policies.

20. The allegations contained in the Underlying Lawsuit do not constitute one of the enumerated "property damage" offenses identified in the CGL and Umbrella Policies.

21. The allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the exclusion contained in the CGL Policy for personal and advertising injury "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

22. The allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the exclusion contained in the CGL Policy for personal and advertising injury "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period."

23. The allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the CGL and Umbrella Policies' exclusion for advertising injury "[a]rising out of a breach of contract."

24. The allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the "Infringement of Copyright, Patent, Trademark or Trade Secret" exclusion contained in the CGL Policy.

25. The allegations contained in the Underlying Lawsuit are barred from coverage under the CGL and Umbrella Policies to the extent that they seek injunctive relief and/or other forms of equitable relief that do not constitute "damages" for personal and advertising injury.

26. The allegations in the Underlying Lawsuit are barred from coverage to the extent that Plaintiff knew that its conduct had caused or would or was intended to cause injury at the time the CGL and Umbrella Policies were issued.

27. The allegations contained in the Underlying Lawsuit are barred from coverage to the extent that they seek punitive damages and/or fines or penalties from Plaintiff for violations of statutes or regulations.

28. Plaintiff's Complaint does not describe the underlying claim with sufficient particularity to permit Defendants to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the CGL and Umbrella Policies) may exist. Defendants, therefore, reserve the right to assert all defenses which may pertain to Defendants once the precise nature of such actions is determined.

**WHEREFORE,** Defendants National Fire Insurance Company of Hartford and Transportation Insurance Company pray for judgment as follows:

1. dismissing Plaintiff's Complaint as against Defendants;
2. denying the relief sought by Plaintiff in its Complaint;
3. declaring that Defendants have no duty to provide coverage under the CGL and Umbrella Policies;
4. awarding Defendants the attorneys' fees and costs incurred in defending this action; and
5. for such other relief as this Court may deem just and equitable.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Defendants National Fire Insurance Company of Hartford ("National Fire") and Transportation Insurance Company ("Transportation")(collectively "CNA" or "Defendants") allege the following in support of their counterclaim for declaratory judgment:

### I. INTRODUCTION

1. This is a Counterclaim for Declaratory Judgment and Damages pursuant to 28 U.S.C. § 2201 and § 2202 wherein National Fire and Transportation seek a determination concerning the scope and nature of their obligations, if any, under certain commercial general liability and umbrella policies issued to Plaintiff Speidel, Inc. ("Plaintiff" or "Speidel").

## II. THE PARTIES

2. Defendant National Fire is a Connecticut corporation with its statutory home office in Chicago, Illinois. National Fire is duly authorized to do business in the State of Rhode Island. At all relevant times, National Fire has been in the business of issuing policies of liability insurance hereinafter referenced.

3. Defendant Transportation is an Illinois Corporation with its statutory home office in Chicago, Illinois. Transportation is duly authorized to do business in the State of Rhode Island. At all relevant times, Transportation has been in the business of issuing policies of liability insurance hereinafter referenced.

4. Upon information and belief, Plaintiff is a Rhode Island corporation, duly organized and existing, with its principal place of business at 25 Fairmount Avenue, East Providence, Rhode Island 02914.

## III. BASIS FOR COUNTERCLAIM FOR DECLARATORY RELIEF

5. There is a real, substantial and justiciable issue in controversy between the parties hereto with respect to insurance coverage.

6. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and §2202 for the purpose of determining a question in actual controversy between the parties.

7. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because CNA has no adequate remedy at law which will resolve the current controversy.

## IV. GENERAL ALLEGATIONS

### A. The Underlying Lawsuit

8. In or about November of 2006, World Triathlon Corporation ("WTC") filed a lawsuit against Speidel in the United States District Court for the Middle District of Florida, Tampa Division.

9. According to the Complaint, WTC initiated a lawsuit against Speidel in 1996 in the United States District Court for the Middle District of Florida, Tampa Division, styled, World Triathlon Corporation v. Textron Inc., d/b/a Speidel, alleging federal trademark infringement, false designation of origin, federal dilution and Florida common law unfair competition (the "First Lawsuit").

10. The Complaint further provides that a jury verdict was rendered in the First Lawsuit in February 1998 in favor of the WTC verdict on all counts, and the WTC was awarded damages in the amount of $1,650,000.00.

11. WTC and Speidel subsequently entered into a settlement agreement which included a Permanent Injunction executed by the court on or about October 23, 1998, enjoining Speidel's use of the IRONMAN® mark in any manner on packaging or in advertisement, promotion or displays of Speidel's replacement watchbands.

12. The Underlying Lawsuit alleges that in the summer of 2006, Speidel began manufacturing, distributing, selling, advertising and promoting replacement watchbands prominently displaying the stylized IRONMAN® mark on the packaging without authorization or permission of the WTC.

13. In the Underlying Complaint, WTC asserts five causes of action against Speidel for: 1) Infringement of Federally Registered Trademark; 2) False Designation of Origin Under § 43(a) of the Lanham Act; 3) Dilution of a Famous Mark Under 15 U.S.C. § 1125(c); 4) Common Law Unfair Competition; and 5) Common Law Trademark Infringement.

14. The Underlying Lawsuit seeks preliminary and permanent injunctive relief, recall of product and delivery and destruction of all infringing goods, damages and Defendants profits, treble damages, attorney's fees and costs, punitive damages, and further relief as the Court deems proper.

15. Upon information and belief, WTC and Speidel have reached an amicable resolution of the Underlying Lawsuit for the sum of $75,000.00.

**B. <u>The National Fire Primary Policy</u>**

16. National Fire issued a commercial general liability policy to Speidel, policy number 2083491676, in effect from January 1, 2006 through January 1, 2007, and having limits of $1,000,000.00 with respect to personal and advertising injury and $2,000,000.00 in the aggregate (the "National Fire Policy").

17. The National Fire Policy contains, in relevant part, the following coverage grant with respect to Personal and Advertising Injury:

> **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.
>
> * * *
>
> b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during

the policy period.

18. The National Fire Policy further contains, in relevant part, the following exclusions with respect to Personal and Advertising Injury:

> **f. Breach Of Contract**
>
> "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".
>
> * * *
>
> **i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
>
> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.
>
> However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

19. The National Fire Policy defines "Personal and Advertising injury" as the following:

> **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> * * *
>
> **f.** The use of another's advertising idea in your "advertisement;" or
>
> **g.** Infringement upon another's copyright, trade dress or slogan in your "advertisement".

20. The National Fire Policy defines "advertisement" as:

> **1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For purposes of this definition:
>
> **a.** Notices that are published include material placed on the Internet or similar electronic means of communication; and
>
> **b.** Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purpose of attracting customers or supporters is considered an advertisement.

**C. <u>The Transportation Umbrella Policy</u>**

21. Transportation issued a commercial umbrella policy to Speidel, policy number 2083491595, in effect from January 1, 2006 through January 1, 2007, and having limits of $10,000,000.00 excess scheduled underlying insurance and a $10,000.00 retained limit (the "Transportation Umbrella Policy").

22. The Transportation Umbrella Policy contains the following coverage grant with respect to Personal and Advertising Injury:

> **SECTION I – COVERAGES**
>
> **1. Insuring Agreement**
>
> We will pay on behalf of the insured those sums in excess of "scheduled underlying insurance," "unscheduled underlying insurance" or the "retained limit" that the insured becomes legally obligated to pay as "ultimate net loss" because of:
>
> * * *
>
> **b.** "Personal injury" or "advertising injury" caused by an "incident" committed during the policy period
>
> anywhere in the world to which this insurance applies.

23. The Transportation Umbrella Policy contains the following relevant exclusion:

**2. Exclusions**

This insurance does not apply to:

**c.** "Personal injury" or "advertising injury":

* * *

**(6)** Arising out of breach of contract, except an implied contract to use another's advertising idea in "your advertisement";

24. The Transportation Umbrella Policy contains the following definition of "Advertising Injury":

**"Advertising Injury"** means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

a. Oral, written, televised videotaped publication or publication in any manner of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. Oral, written, televised, videotaped publication or publication in any other manner of material that violates a person's right of privacy;

c. The use of another's advertising idea in your "advertisement"; or

d. Infringement upon another's copyright, trade dress or slogan in your "advertisement."

25. The Transportation Umbrella Policy contains the following definition of "Retained limit":

**16. "Retained limit"** means the amount stated as such in the Declarations. The "retained limit" is retained and payable by the insured as respects all "incidents" not covered by "scheduled underlying insurance" or by "unscheduled underlying insurance."

26. The Transportation Umbrella Policy contains the following definition of "Scheduled underlying insurance":

> **17.** **"Scheduled underlying insurance"** means the insurance policies listed in the Schedule of Underlying Insurance including renewal or replacement of such contracts which are not more restrictive than those listed in the aforementioned Schedule of Underlying Insurance.

27. The Transportation Umbrella Policy contains the following definition of "Ultimate net loss":

> **a.** "Ultimate net loss" means the actual damages the insured is legally obligated to pay, either through:
>
> (1) Final adjudication on the merits; or
>
> (2) Through compromise settlement with our written consent or direction;
>
> because of "incident(s)" covered by this policy.
>
> However, it includes the above mentioned sums only after deducting all other recoveries and salvages.
>
> **b**. "Ultimate net loss" does not include the following:
>
> **(1)** Costs or expenses related to:
>
> **(a)** Litigation,
>
> **(b**) Settlement;
>
> **(c**) Adjustment; or
>
> **(d**) Appeals;
>
> nor costs or expenses incident to the same which an "underlying insurer" has paid, incurred or is obligated to pay to or on behalf of the insured;
>
> **(2)** Pre-judgment interest;
>
> **(3)** Office costs and expenses and salaries and expenses of the employees of an insured;

**(4)** Our office costs and expenses and salaries of our employees; or

**(5)** General retainer and/or monitoring fees of counsel retained by the insured.

28. The Transportation Umbrella Policy also contains an "Amendment of Definitions" Endorsement which provides, in relevant part, with respect to the definition of Personal and Advertising Injury:

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA PLUS COVERAGE PART

I. SECTION V – DEFINITIONS is amended as follows:

* * *

B**.** Wherever they appear in the policy, the phrases "personal injury" and "advertising injury" are deleted and replaced with the phrase "personal and advertising injury." The definitions of "personal injury" and "advertising injury" are deleted and replaced by the following:

"Personal and advertising injury" means injury, including consequential "bodily injury, arising out of one or more of the following offenses:

* * *

6. The use of another's advertising idea in your "advertisement"; or

7. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

29. The "Amendment of Definitions" Endorsement to the Transportation Umbrella Policy defines "Advertisement" as:

"Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

**D. <u>Plaintiff's Notice to CNA</u>**

30. On or about November 15, 2006, Plaintiff provided CNA with a General Liability Notice of Occurrence/Claim under the National Fire Policy in connection with the Underlying Lawsuit.

31. On or about November 20, 2006, Plaintiff was advised by CNA via telephone conference of the potential that the National Fire and Transportation Umbrella Policies may not provide coverage for the Underlying Lawsuit and that CNA reserved the right to fully investigate the facts and review the policies before making a coverage determination.

32. By correspondence dated December 22, 2006, CNA advised plaintiff that it is disclaiming any obligation to defend or indemnify plaintiff in connection with the Underlying Lawsuit.

**<u>COUNTERCLAIM</u>**
**(Declaratory Judgment)**

33. CNA incorporates all of allegations contained in paragraphs 1 through 32 of this pleading as though fully set forth herein.

34. CNA respectfully requests that this Court declare that National Fire and Transportation do not have any obligation to defend or indemnify plaintiff in connection with the Underlying Lawsuit on the grounds that:

a. the allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the National Fire and

Transportation Umbrella Policies' exclusion for advertising injury "[a]rising out of a breach of contract;"

b. the allegations contained in the Underlying Lawsuit are barred from coverage because of the application of the "Infringement of Copyright, Patent, Trademark or Trade Secret" exclusion contained in the National Fire Policy;

c. the Insuring Agreement of the Transportation Umbrella Policy does not provide coverage for the allegations contained in the Underlying Lawsuit as the claim has been resolved between WTC and Speidel within the limits of the "scheduled underlying insurance;"

d. the allegations contained in the Underlying Lawsuit are barred from coverage to the extent that they seek injunctive relief and/or other forms of equitable relief that do not constitute "damages" for personal and advertising injury;

e. the allegations contained in the Underlying Lawsuit are barred from coverage to the extent that they seek punitive damages and/or fines or penalties from plaintiff for violations of statutes or regulations; and

f. the allegations contained in the Underlying Lawsuit are otherwise barred by the application of the terms, conditions and provisions of the National Fire and Transportation Umbrella Policies.

35. For the reasons set forth in subparagraphs (a) through (f), National Fire and Transportation are entitled to a declaration of this Court that National Fire and Transportation have no obligation to defend or indemnify plaintiff with respect to the Underlying Lawsuit.

**WHEREFORE,** Defendants National Fire Insurance Company of Hartford and Transportation Insurance Company respectfully request demand judgment in their favor and against the Plaintiff as follows:

1. declaring that Defendants have no duty to provide coverage under the National Fire and Transportation Umbrella Policies;

2. awarding Defendants the attorneys' fees and costs incurred in defending this action; and

3. for such other relief as this Court may deem just and equitable.

RICE DOLAN & KERSHAW

BY: /s/ Mark P. Dolan__________________
Mark P. Dolan, Esquire
170 Westminster Street
Suite 900
Providence, RI 02903
Telephone: (401) 272-8800

Of Counsel:

CARROLL MCNULTY & KULL L.L.C.
Christopher R. Carroll, Esquire
Christopher P. Ward, Esquire
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
Telephone: (908) 848-6300
Attorneys for Defendants, National Fire Insurance Company of Hartford and Transportation Insurance Company

Date: __________________2007